IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BP EXPRESS, LLC, | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) CIVIL ACTION FILE NO. |
| v. | ) 3:22-CV-462-TAV-DCP |
| | ) |
| SUPPLY CHAIN WAREHOUSES | ) |
| SAVANNAH, LLC, | ) |
| | ) |
| Defendant/Counter-Plaintiff. | ) |

# JOINT RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order, filed February 2, 2023 [Doc. 11], Plaintiff/Counter-Defendant, BP Express, LLC and Defendant/Counter-Plaintiff, Supply Chain Warehouses Savannah, LLC, submit this Joint Rule 26(f) Report.

**A. Completion of Federal Rule of Civil Procedure 26(f) Conference**

Counsel of record for the parties conferred in accordance with Federal Rule of Civil Procedure 26(f) and the Court's Order [Doc. 11] on Thursday, February 16, 2023, at 2:00 p.m. EST.

**B. Initial Disclosure Deadline**

The parties agree and stipulate to exchange Initial Disclosures required by Federal Rule of Civil Procedure 26(a)(1) on or before March 9, 2023.

**C. Nature and Scope of Discovery**

The parties discussed the timing and scope of discovery. The parties propose the following discovery plan, which will cover all discovery for the parties. The parties agree and jointly propose

that discovery will be needed to establish the facts and circumstances related to all claims and defenses in this matter, the timeline of events, and damages. The parties do not believe that discovery should be conducted in phases or limited to or focused on any particular issues.

      a.      <u>Service of Discovery by Email</u>. The parties agree to the service of written discovery by email.

      b.      <u>Timing of Written Discovery</u>. The parties agree that written discovery should not be served prior to the deadline for the parties' Initial Disclosures on **March 9, 2023.**

      c.      <u>Scope and Completion of Depositions</u>. The parties agree and jointly propose that discovery depositions of the parties, their agents, or employees, as well as any fact witnesses shall be completed prior to depositions of expert witnesses, to the extent possible. The parties further agree to consult each other regarding the scheduling of all depositions prior to filing any notice of deposition and to cooperate in good faith to select agreed dates. Each deposition will be limited to seven (7) hours. The parties do not anticipate that it will be necessary to depose more than 8 persons (4 persons for each side), exclusive of expert witnesses, during the discovery phase of this action, but they have agreed to cooperate in good faith in scheduling any additional depositions and have further agreed that any party may present the matter to the Court if no agreement can be reached.

      d.      <u>Electronic Discovery</u>. The parties agree to exchange electronic discovery (emails) in native format (.pst) through sharefile links/uploads or other electronic sharing platform. The parties agree that electronically stored information will be produced in Portable Document Format ("pdf") upon request by the other party. The parties will agree to provide attachments to the extent available and not included with the information provided.

e. <u>Privilege and Protection</u>.  The parties stipulate that during discovery if any issue arises as to claim of privilege or protection as trial preparation material after production of such privileged or protected document or information, pursuant to Rule 26(b)(5)(B), the parties will confer and, if necessary, apply for a protective order to protect such information.

f. <u>Limitations</u>.  The parties are not aware of any changes that should be made in the limitations on discovery imposed under the Federal Rules or the Court's Local Rules.

**D.     Nature of Claims and Defenses**

1. <u>Plaintiff's Claims</u>.

Plaintiff, BP Express, LLC is a logistics and transportation company offering intermodal and other types of shipping to its customers. This case involves claims by BP Express against one of its customers, Defendant, for unpaid invoices related to transportation services provided upon request by Defendant pursuant to the terms and conditions set forth in a written document executed by Defendant.

Defendant failed to dispute the invoices which were submitted on a timely basis pursuant to the agreement between the parties, received the services and is responsible for payment of the invoices along with attorney's fees, costs of collection and interest.

2. <u>Plaintiff's Defenses to Defendant's Counterclaim</u>.

BP Express denies that Defendant is entitled to any relief in its Counterclaim. In its Answer to the counterclaim, BP Express asserted defenses of statute of limitations, doctrines of waiver, laches and unclean hands, failure to mitigate damages, comparative fault of other parties,

intervening and/or supervening causes, and estoppel. BP Express denies Defendant is entitled to any relief whatsoever.

3. <u>Defendant's Defenses to Plaintiff's Claims</u>.

Defendant Supply Chain denies that Plaintiff BP is entitled to any relief sought in its Complaint. In its Answer to the Complaint, Defendant Supply Chain denied Plaintiff's characterization of the contents of the document attached to the Complaint as Exhibit A. Defendant Supply Chain asserted the following affirmative defenses: that Plaintiff's claims are barred by the first breach doctrine, the claims are barred by the doctrine of unclean hands, that the contractual claims fail for lack of consideration, estoppel doctrine, and failure to state a claim for which relief may be granted because the Complaint fails to allege facts sufficient to show that services were provided for the amounts claimed.

4. <u>Defendant's Counterclaims</u>.

Defendant Supply Chain is a logistics company assisting its customers with shipment of goods arriving from facilities overseas. Supply Chain contracted Plaintiff BP to move shipping containers belonging to Supply Chain's customers from the docks to Supply Chain's property. BP failed to move approximately sixty shipping containers in a timely manner, in breach of its contract and the standard of care. BP's failure to fulfill its obligations caused more that $150,000 in per diem charges to Supply Chain's customers, which were then passed on to Supply Chain. BP's failures caused Supply Chain to lose customers, caused damage to its business and reputation, and resulted in several million dollars of lost revenue and approximately one million dollars of lost

profits. Defendant Supply Chain has asserted causes of action for breach of contract and negligence.

E. **Clawback Agreement.** The parties will enter into a separate Clawback Agreement related to the production of privileged materials.

Respectfully submitted this the 27th day of February 2023.

**BERNSTEIN, STAIR & MCADAMS LLP**

By: **s/Heather G. Anderson**
HEATHER G. ANDERSON (BPR # 019408)
116 Agnes Road
Knoxville, Tennessee 37919
(865) 546-8030
handerson@bsmlaw.com

*Attorneys for Plaintiff, BP Express, LLC*

**LOWE YEAGER & BROWN PLLC**

By: **s/Greg Brown**
GREG BROWN (BPR # 027944)
TERRI DAUGHERTY (BPR #032949)
Riverview Tower, Suite 2102
900 S. Gay Street
Knoxville, Tennessee 37902
(865) 521-6527
gb@lyblaw.net
tld@lyblaw.net

*Attorneys for Defendant, Supply Chain Warehouses Savannah, LLC*